# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# LITTLE ROCK DIVISION

WILLIE SHAVERS                                                                                       PLAINTIFF
ADC # 108973

V.                                          4:08CV00616 BSM

WILLIAM G. JONES, Police Officer, North Little Rock
Police Department; MARK WIGGINS, Police Officer,
North Little Rock Police Department; and TODD A.
SPAFFORD, Sgt., North Little Rock Police Department                               DEFENDANTS

## ORDER

Plaintiff Willie Shavers is a prisoner of the Arkansas Department of Correction and is housed at the Randall Williams Correctional Facility. He filed this action *pro se*, pursuant to 42 U.S.C. § 1983, against officers of the North Little Rock Police Department, alleging that the officers used excessive force against him The court finds that Shavers's complaint should be dismissed because it is barred by *Heck v. Humphrey*, 512 U.S. 477 (1994).

### I. SCREENING

The Prison Litigation Reform Act requires federal courts to screen prisoner complaints seeking relief against a governmental entity, officer, or employee. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that: (a) are legally frivolous or malicious; (b) fail to state a claim upon which relief may be granted; or (c) seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(A)(b).

An action is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 127 S.Ct. 1955, 1974 (2007). In reviewing a *pro se* complaint under

§1915(e)(2)(B), the court must give the complaint the benefit of a liberal construction. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). The court must also weigh all factual allegations in favor of the plaintiff, unless the facts alleged are clearly baseless. *Denton v. Hernandez*, 112 S.Ct. 1728, 1733 (1992); *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974). Notwithstanding these safeguards, and even if the plaintiff is appearing *pro se*, his complaint must allege specific facts sufficient to state a claim. *See Martin v. Sargent*, 780 F .2d 1334, 1337 (8th Cir.1985).

## II.  BACKGROUND

Plaintiff's complaint (docket entry #2) alleges that on December 14, 2006, his mother called 911 for what he describes as his "respiratory condition." Plaintiff was in his backyard when the defendants, three North Little Rock police officers, responded to the call. He asserts that the officers arrived on the scene with their weapons drawn and that Defendant Jones shot him once in the chest and several times in the "lower body." Defendant Wiggins "shot 5 rounds of less lethal" into plaintiff's lower body and Defendant Spafford used "O.C. spray" against plaintiff. He adds that he was "charged with attempted capital murder" as a result of this incident.

In the case of *State v. Shavers*, CR 2007-356, plaintiff was convicted of attempted capital murder in the Pulaski County, Arkansas Circuit Court for shooting at the three defendants. He was sentenced to a term of thirty years in prison. The court takes judicial notice of the Pulaski County, Arkansas proceedings because the facts at issue in that case directly relate to the issues raised in this case. *See Great Plains Trust Co. v. Union Pacific R. Co.*, 492 F.3d 986, 996 (8th Cir. 2007).

## III.  DISCUSSION

In *Heck v. Humphrey*, 512 U.S. 477, 114 S.Ct. 2364, 129 L.Ed.2d 383 (1994), the Supreme Court held that a claim for damages for "allegedly unconstitutional conviction or imprisonment, or

for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid" is not cognizable until "the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such a determination, or called into question by a federal court's issuance of a writ of habeas corpus." *Heck,* 512 U.S. at 486-87. *Heck* has been interpreted as barring excessive force claims brought by individuals who are convicted of battery arising out of a physical altercation with police officers. *See e.g., Connors v. Graves*, 538 F. 3d 373 (5th Cir. 2008);  *Hudson v. Hughes*, 98 F.3d 868 (5th Cir.1996); *see also Hainze v. Richards*, 207 F.3d 795, 798 (5th Cir. 2000)(an excessive force claim under § 1983 is barred as a matter of law if brought by an individual convicted of aggravated assault related to the same events).

Clearly, *Heck* bars the excessive force claim unless the criminal conviction has been reversed, set aside, or otherwise held invalid. In the case before the court, plaintiff's attempted murder conviction has not beet has not set aside.  Although plaintiff has appealed his conviction, the Arkansas appellate court has not ruled on the appeal.  Plaintiff's excessive force claim is therefore barred by *Heck*.

## IV.  CONCLUSION

For the reasons set forth above, the above captioned case is dismissed without prejudice for failure to state a claim upon which relief can be granted.

DATED this 15th day of October, 2008.

_____
UNITED STATES DISTRICT JUDGE